# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| CHELSEA WITHERS, | ] |
| Plaintiff, | ] |
| vs. | ] Case No: |
| THE NASHVILLE HISTORIC CEMETERY ASSOCIATION, LLC d/b/a MOUNT OLIVET FUNERAL HOME AND CEMETERY, | ] JURY DEMAND |
| Defendant. | ] |

## COMPLAINT

Comes now the Plaintiff, Chelsea Withers, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION & VENUE

1. This action involves the application of the Americans with Disabilities Act, as Amended ("ADA"), 42 U.S.C. § 12101, *et seq*.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

3. The claims asserted in this action arose in Nashville County, Davidson, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE PREREQUISITE

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on July 29, 2022, a true and correct

copy of which is attached hereto as Exhibit A. Further, Defendant employs more than fifteen employees.

## PARTIES

5. Plaintiff, Chelsea Withers (hereinafter "Plaintiff" or "Ms. Withers") is an adult female individual and citizen of the United States who resides in Nashville, Tennessee.

6. At all relevant times, Ms. Withers was an employee of The Nashville Historic Cemetery Association d/b/a Mount Olivet Funeral Home & Cemetery (hereinafter "Defendant" or "NHCA"), within the meaning of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101, *et seq.*

7. Defendant is a domestic limited liability company or similar business entity and regularly conducts business at 1101 Lebanon Pike, Nashville, Tennessee 37210.

8. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 42 U.S.C. § 12101, the Americans with Disabilities Act.

## FACTUAL ALLEGATIONS

9. Defendant, NHCA, hired Ms. Withers around May 2019.

10. Ms. Withers worked as a Funeral Director Assistant at NHCA until approximately April 23, 2021.

11. Ms. Withers job duties included setting up funerals, washing and maintaining company vehicles, receptionist work, and transporting bodies.

12. Throughout her employment, Ms. Withers performed all of her duties successfully and never received any discipline or performance criticisms.

13. Ms. Withers has been diagnosed with congenital heart failure, respiratory failure,

and onset liver failure.

14. Ms. Withers disability substantially interferes with the major life activities of breathing, walking, working, and sleeping; as well as the major bodily functions of the respiratory and cardiovascular systems.

15. As a result of her diagnosis', Ms. Withers requires the use of an oxygen tank and must attend doctors' appointments 2-3 times per month.

16. Throughout her employment, Ms. Withers discussed her disability with Defendant and regularly updated them on her condition.

17. In early February 2021, Ms. Withers doctor informed her that she would need to use her oxygen tank more frequently to maintain her health.

18. Ms. Withers immediately relayed this information to her supervisor.

19. Ms. Withers asked her supervisor for permission to utilize an unused portion of a storage closet to store her oxygen tank so she would have easier access to it throughout the day.

20. Her supervisor approved this request.

21. Once Ms. Withers brought her tank into work, Defendant did not allow her to take breaks to use her oxygen tank.

22. On or around April 23, 2021, Defendant told Ms. Withers she would no longer be on the schedule because her disability rendered her "too complicated."

23. Ms. Withers asked Defendant how much she would be scheduled to work.

24. Defendant stated Ms. Withers would probably not work at all.

25. Defendant has not scheduled Ms. Withers to work any shifts since April 23, 2021.

26. On September 30, 2021, Ms. Withers filed a Charge of Discrimination with the Equal Employment Opportunity Commission against Defendant.

27. In May 2022, Ms. Withers received a letter from Defendant dated April 27, 2022

3

threatening to terminate her if she did not contact them by April 30, 2022.

28. At this time, Defendant knew Ms. Withers had filed a Charge of Discrimination.

29. Defendant did not intend to give Ms. Withers the opportunity to restore her employment.

30. Defendant terminated Ms. Withers in violation of the Americans with Disabilities Act.

31. Any reason stated by Defendant is pretext.

32. Plaintiff was terminated based on her disability and/or perceived disability.

### COUNT I – VIOLATIONS OF AMERICANS WITH DISABILTIES ACT (DISABILITY DISCRIMINATION, RETALIATION, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS, & FAILURE TO ACCOMMODATE)

33. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

34. Plaintiff was a qualified individual with a disability and/or perceived as an individual with a disability.

35. Plaintiff was disabled in that she had an impairment which substantially limited one or more major life activities and/or major bodily functions.

36. Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADA, 42 U.S.C. § 12112, *et. seq*.

37. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

38. Defendant was aware of Plaintiff's disability.

39. Defendant failed to engage in the interactive process with Plaintiff.

40. Defendant failed to provide Plaintiff with reasonable accommodations.

41. Defendant retaliated against Plaintiff because she engaged in protected activity under the ADA.

42. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

43. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement or front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**WHEREFORE**, Plaintiff respectfully asks the Court:

(1) That a trial by jury be held on all triable issues;

(2) Judgement in favor of Plaintiff and against Defendant on all Counts in this action;

(3) Declaratory judgment that the practices complained of are unlawful and void, and injunctive relief prohibiting the Defendant from again violating the law in the manner described herein;

(4) Back pay, benefits, and other appropriate economic damages;

(5) Front pay;

(6) Compensatory damages for emotional distress, humiliation, and pain and suffering, and/or appropriate compensatory damages to the maximum allowed under the ADAAA.

(8) All reasonable attorney's fees, costs and expenses;

(9) Pre-judgment interest and, if applicable, post-judgment interest;

(10) Tax offset for the increased tax liability of the back pay award; and

(11) Such other legal or equitable relief as may be appropriate or to which she may be entitled.

**THE EMPLOYMENT & CONSUMER LAW GROUP**

**/s/ LAUREN IRWIN**
**BRANDON HALL, BPR No. 034027**
**LAUREN IRWIN, BPR No. 038433**
1720 West End Ave, Suite 402

5

Nashville, TN 37203
(615) 850-0632
bhall@eclaw.com
lauren@eclaw.com

*Attorney for Plaintiff*